UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>　　　　　　　　　Respondent. | Case No.: 22-cv-00181-JO-JLB<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME, FOR A COURT ORDER FOR PETITIONER TO TRANSFER TO LOS ANGELES COUNTY JAIL FOR HIS COURT HEARINGS AND PROCEEDINGS, AND FOR A COURT ORDER FOR PETITION TO RECEIVE ALL HIS PROPERTIES BACK**<br><br>**[ECF No. 6]** |

Before the Court is a motion filed by Petitioner Hung Duong Nguon ("Petitioner") seeking: (1) an extension of time; (2) a court order to transfer Petitioner to Los Angeles County Jail for his court hearings and proceedings; and (3) a court order to receive all his properties back. (ECF No. 6.) Respondent opposes the motion. (ECF No. 8.) For the following reasons, Petitioner's motion is **DENIED**.

In his motion, Petitioner contends that he should have been transferred from Richard J. Donovan Correctional Facility ("RJD") to Los Angeles County Jail for court hearings in the Pomona courthouse on February 15, 2022, but that when sheriffs from Los Angeles

County Jail showed up to transfer him, Respondent would not allow the transfer. (*Id.* at 1.) Petitioner further contends that on February 13, 2022, in anticipation of the transfer, RJD correctional officers ordered him to pack up all his personal property, including all his legal paperwork, which was then taken to be stored at the "RnR building." (*Id.*) As of the date of his motion, Petitioner contends that he still has not been transferred to Los Angeles County Jail for his court hearings, and Respondent has refused to return his legal materials. (*Id.* at 1–2.) Petitioner further contends that in May 2021, a superior court judge granted his motion for a *Franklin* hearing and appointed counsel to represent him during that hearing. (*Id.* at 1.) Petitioner's appointed counsel informed him that he will be in Los Angeles County Jail for three to six months pending court hearings and proceedings. (*Id.* at 2.)

Based on the foregoing, Petitioner seeks an unspecified extension of time to respond to Respondent's answer or motion to dismiss. (*Id.* at 3.) Currently, Respondent must file an answer or motion to dismiss by April 18, 2022, and Petitioner must respond by May 18, 2022. (*See* ECF No. 4.) Petitioner also seeks an order from the Court transferring him to Los Angeles County Jail for his court hearings and proceedings, and an order requiring RJD to return his legal materials upon his return to RJD after his court hearings and proceedings. (ECF No. 6 at 2–3.)

In light of the foregoing, the Court ordered Respondent to file a response. (ECF No. 7.) In particular, the Court sought the status of (1) Petitioner's transfer to Los Angeles County Jail, (2) Petitioner's hearings in Los Angeles County Superior Court, and (3) Petitioner's legal documents. (*Id.* at 2.) Petitioner filed a response on March 22, 2022. (ECF No. 8.) Respondent argues that Petitioner's transfer and property claims are moot. (*Id.* at 2–3.)

Specifically, Respondent states that Petitioner was not transferred to state court for his February 22, 2022 hearing because of a lockdown at the prison. (ECF No. 8-1 at 2.) Accordingly, the state court judge continued the hearing to April 13, 2022, but did not order Petitioner's appearance at that time. (*Id.*; *see also* ECF No. 8-1 at 7–8.) Respondent

1  also contends that, as of approximately March 8, 2022, Petitioner had custody of all
2  thirteen of his boxes, including his legal materials. (ECF Nos. 8 at 3; 8-1 at 10–11.)

3        Given the foregoing, the Court **DENIES** Petitioner's request for an extension of
4  time. Nothing before the Court suggests that Petitioner cannot comply with the Court's
5  current deadlines. This denial is without prejudice to Petitioner requesting additional time
6  to respond if future events and good cause warrant an extension. The Court further
7  **DENIES** Petitioner's request to be transferred to Los Angeles County Jail because
8  Petitioner has failed to establish not only the necessity to be transferred, but the Court's
9  jurisdiction to issue such an order. Lastly, the Court **DENIES** Petitioner's request to have
10 his documents returned because it appears they have already been returned.

11       **IT IS SO ORDERED.**
12 Dated: March 28, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge