UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON,<br><br>Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>Respondent. | Case No.: 22cv181-JO-JLB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

*Pro se* Petitioner Hung Duong Nguon filed a habeas corpus petition under 28 U.S.C. § 2254 on February 6, 2022. Dkt. 1. On April 20, 2022, Respondent Raymond Madden, Warden at Richard J. Donovan Correction Facility, filed a motion to dismiss the petition. Dkt. 12 ("MTD"). On February 7, 2023, Magistrate Judge Burkhardt issued a Report and Recommendation (the "R&R") recommending that the petition be dismissed. Dkt. 18. On February 24, 2023, Petitioner Nguon filed an objection to the R&R, primarily on the grounds of judicial bias. Dkt. 20 ("Objection"). For the reasons set for below, the Court adopts the R&R in its entirety.

## I. BACKGROUND

In 1997, Nguon was sentenced to a term of life plus three years after being convicted of kidnapping during the commission of a carjacking and use of a firearm in the

commission of a felony. *See* Dkt. 13-2 at 1; *see also* Cal. Penal Code §§ 209.5(a), 12022.5. While incarcerated, Nguon was granted several parole hearings before the California Board of Parole Hearings (the "Board") in 2005, 2007, 2009, 2010, 2017, and 2021. *See* Dkts. 1 at 4; 1-13 at 4–5. At each of these hearings, the Board denied Nguon parole.[1]

On February 7, 2022, Nguon filed a habeas petition in this Court challenging his most recent parole denial in 2021. Nguon alleges in his petition that the 2021 parole denial violated his constitutional rights under the *Ex Post Facto* Clause, and under the Six, Eighth, and Fourteenth Amendments. *See generally* Dkt. 1.[2] After Respondent moved to dismiss Nguon's petition, *see* Dkt. 12, Magistrate Judge Burkhardt issued an R&R on February 7, 2023, recommending that Respondent's motion to dismiss be granted. *See* R&R. Nguon timely filed an objection to the R&R on February 24, 2023. *See* Objection.

Nguon's Objection raises three arguments. First, Nguon primarily argues that the magistrate was biased against him. *See* Objection ¶¶ 6, 11–12, 15, 18–19. Second, Nguon also objects to the magistrate's recommendations that his *Ex Post Facto* claim is unexhausted and should be dismissed as barred by Ninth Circuit precedent. *See id.* ¶¶ 13, 20–21. Third, Nguon raises new arguments in the Objection that are not in his petition regarding the validity of his underlying sentence and the California state superior court's alleged bias against him. *See id.* ¶¶ 15–17, 23–28.

**A. Nguon's Arguments Regarding Judicial Bias**

Nguon's primary objection to the R&R is that the magistrate was biased against him.

---

[1] Nguon has filed various state and federal habeas petitions challenging his parole denials, all of which have been dismissed. *See* Dkt. 1-12 at 2; 13-1 at 1–6; Dkt. 13-2 at 1–2; Dkt. 13-3 at 1, 3–4, 7–9; Dkt. 13-4 at 1; Dkt. 13-5; Dkt. 13-6; *see also Hung Duong Nguon v. Dickinson*, 2010 WL 3825496 (E.D. Cal. Sept. 28, 2010; *Hung Duong Nguon v. Dickinson*, 2011 WL 283866 (E.D. Cal. Jan. 25, 2011); *Hung Duong Nguon v. Virga*, 2014 WL 996215 (E.D. Cal. Mar. 13, 2014); *Hung Duong Nguon v. Baughman*, 2019 WL 2994500 (E.D. Cal. July 9, 2019).

[2] Nguon also alleges that the 2021 parole denial was unsupported by the facts and thus violated California law, which is not at issue in this order. *See Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011) (holding that parole board's failure to apply "some evidence" standard was "a mere error of state law" and not a denial of federal due process cognizable on habeas review).

Because Nguon alleges this bias violated his due process rights, he asks that the R&R "be disregarded," and that Magistrate Judge Burkhardt be recused. *See* Objection ¶¶ 6, 11–12, 15, 18–19. Nguon presents three arguments to support his allegations of bias, each of which is summarized below.

First, Nguon claims that Respondent committed perjury and that the magistrate's failure to punish Respondent for that perjury is evidence of bias. Nguon argues that Respondent's counsel committed perjury when she raised a statute of limitations defense in the motion to dismiss. *See id.* ¶¶ 2, 5, 7–12. In the motion to dismiss, Respondent's counsel noted that Nguon appeared to be challenging parole denials in 2005, 2007, 2009, 2010, 2017, and 2021. *See* MTD at 10–11 & n.4. Respondent argued that, while Nguon's challenge to the 2021 parole denial was timely, the statute of limitations barred the challenges to the older denials.³ *See id.* In the R&R, the magistrate concluded that Nguon was not challenging the parole denials prior to 2021 and, thus, Respondent's statute-of-limitations arguments were irrelevant. *See* R&R at 6 & n.2. Even though the magistrate ultimately disregarded Respondent's statute of limitations defense, Nguon argues that the magistrate's failure to punish Respondent for raising the statute of limitations defense is evidence of the court's bias. *See* Objection ¶¶ 2, 5, 7–10.

Second, Nguon argues that the magistrate's citation to the underlying state court's denial of his habeas petition also exhibits bias. Nguon emphasizes that superior state court Judge Juan Carlos Dominguez—the judge who denied Nguon's state court petition regarding his 2021 parole denial—noted in his order that, "[a]t the time of sentencing the trial judge commented that but for the fact that the victim was able to escape, the matter would have had, potentially, a more dire consequence for the victim." *See* Dkt. 13-2 at 1. According to Nguon, this comment shows that Judge Dominguez was also biased against

---

³ The Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations applies to all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court, including those challenging parole denial. *See, e.g.*, *Redd v. McGrath*, 343 F.3d 1077, 1080 (9th Cir. 2003); *see also* 28 U.S.C. § 2244(d)(1).

him. *See* Objection ¶¶ 15–17. Nguon further argues that the magistrate "quote[d] Dominguez's disparaging comments," and thus was similarly biased against him when she recommended dismissal of his petition. *See id.* ¶¶ 15, 17; *see also* R&R at 2.

Third, Nguon argues that the magistrate failed to address the invalidity of his original sentence in 1997, which further demonstrates her bias against him. In his Objection to the R&R, Nguon raises new arguments that his 1997 sentence for robbery and kidnapping is invalid. *See id.* ¶¶ 23–28. Nguon appears to argue that his original sentence was an improper consecutive sentence that resulted in "double punishment." *See id.* Nguon admits that those arguments were "not raised by Petitioner on appeal or Writs from a judgment of conviction," but argues that the magistrate had an obligation to "correct this wrong," and that her failure to do so is evidence of bias. *See id.*

**B. Nguon's Objections Regarding his *Ex Post Facto* Claim**

Next, Nguon objects to the magistrate's conclusions and recommendations with respect to his *Ex Post Facto* claim. Nguon argues that that his incarceration was unconstitutionally prolonged after his conviction due to the subsequent passage of "Marsy's Law." *See* Dkt. 1 at 14; *see also* R&R at 6. Marsy's Law was passed by California voters in 2008 and increased the time periods between parole hearings. *See Gilman v. Schwarzenegger*, 638 F.3d 1101, 1103–04 (9th Cir. 2011); *see also* Cal. Penal Code § 3041.5(b)(3).[4] Because Marsy's Law increased the time periods between Nguon's parole hearings, he argues that the law "mak[es] parole hearings less accessible[,] effectively increase[ing his] sentence." *See* Dkt. 1 at 14. The magistrate concluded that Nguon's *Ex Post Facto* claim was invalid because it was barred by the Ninth Circuit's decision in *Gilman v. Brown*, 814 F.3d 1007 (9th Cir. 2016) ("*Gilman II*"), cert. denied

---

[4] Marsy's Law significantly changed the law governing parole hearing deferral periods by: (1) increasing the minimum deferral period from one years to three years; (2) increasing the maximum deferral period from five years to fifteen years; and (3) increasing the default deferral period from one year to fifteen years. *See id.*

137 S. Ct. 650 (2017).[5]  A class of prisoners previously raised the same *Ex Post Facto* challenge to Marsy's Law in *Gilman v. Brown*, 110 F. Supp. 3d 989, 990 (E.D. Cal. 2014), *rev'd and remanded on other grounds*, *Gilman II*, 814 F.3d 1007 (9th Cir. 2016).  The district court certified the class, and, on appeal, the Ninth Circuit held that Marsy's Law did not violate the *Ex Post Facto* rights of the class members because "a decrease in the frequency of parole hearings—without more—is not sufficient to prove a significant risk of lengthened incarceration." *Gilman II*, 814 F.3d at 1016.  In his Objection, Nguon argues that he did exhaust his *Ex Post Facto* claim and that the claim is not barred by *Gilman II*. *See* Objection ¶¶ 13, 20–22.

**C. Nguon's New Arguments in the Objection Not Raised in the Petition**

In addition to objecting to the magistrate's R&R as described above, Nguon also appears to raise new arguments regarding the validity of his 1997 sentence and the alleged bias of the state court judge that denied his habeas petition in the California superior court. *See* Objection ¶¶ 15–17, 23–28. First, Nguon argues that his original sentence was an improper, consecutive sentence that resulted in "double punishment." *See id.* at ¶¶ 23–28. Second, Nguon argues that Judge Dominguez—the judge that denied his most recent habeas petition in state court—was biased, as evidenced by the judge's negative comments on the circumstances of Nguon's crime. *See id.* ¶¶ 15–17.  Nguon requests that "his sentence [] be vacated due to its invalidity," and that this Court find that Judge Dominguez's order "constituted judicial bias and prejudice." *See id.* at 16–17 ("Prayer For Relief").

## II.   LEGAL STANDARD

The Court reviews *de novo* the portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the

---

[5] The magistrate also concluded that Nguon had not exhausted his *Ex Post Facto* claim, but nonetheless considered Nguon's claim and concluded that it was barred by *Gilman II*.  *See* R&R at 8–10; *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (noting that a court may dismiss an unexhausted ground for relief where it does not raise a colorable federal claim).

5

findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id.*

### III. DISCUSSION

Below, the Court first addresses Nguon's objections based on judicial bias and then turns to Nguon's objections regarding his *Ex Post Facto* claim. Lastly, the Court addresses Nguon's new arguments regarding his underlying sentence and the alleged bias of the state court judge.

**A. The Court Overrules Nguon's Objections Based on Judicial Bias**

The Court rejects Nguon's allegations of judicial bias as wholly unsupported by the record. When considering a judicial bias claim, there is "a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin,* 421 U.S. 35, 47 (1975); *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008). Unless a judge's comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible," the basis for recusal must be "something other than rulings, opinions formed or statements made by the judge during the course of a [case]." *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008).[6] "[V]ague accusations and convoluted demands" are not evidence of judicial bias or misconduct. *See In re Complaint of Judicial Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009); § 2254, Rule 2(c) (petitioner "shall specify all the grounds for relief which are available"). Here, the magistrate judge's R&R—the sole basis of Nguon's bias allegations—does not reveal any degree of favoritism or antagonism. *See Liteky*, 510 U.S.

---

[6] Extrajudicial evidence is "something other than rulings, opinions formed or statements made by the judge during the course of a [case]." *See id.*

at 555. First, the magistrate did not show bias by failing to "admonish" Respondent for noting that Nguon's challenges to the older parole denials were barred by the statute of limitations. It appears that Respondent mistakenly believed that Nguon was challenging his parole denials prior to 2021, due to Nguon's arguments that all the Board's parole denials were improper. *See, e.g.*, Dkt. 1 ¶¶ 14, 23. Respondent's attempt to defend against these claims is not perjury, and it follows that the magistrate did not have any obligation to admonish Respondent. Second, while Petitioner argues that the magistrate showed bias by quoting state court Judge Dominguez's disparaging comments, the Court finds that the magistrate was merely citing to the relevant portions of the record in the case. Finally, the magistrate's failure to *sua sponte* address the validity of Nguon's underlying sentence—an issue that Nguon did not raise in his petition—is also not evidence of bias. *See Larson*, 515 F.3d at 1067. The court had no obligation to address claims that Nguon did not raise. *See* § 2254, Rule 2(c). Overall, the record shows that the magistrate conducted a careful review of Nguon's petition and the record and issued recommendations in a fair and impartial manner. Therefore, Nguon's objection based on judicial bias is overruled.

**B. The Court Overrules Nguon's Objections Regarding his Ex Post Facto Claim**

Next, Nguon objects to the magistrate's conclusions and recommendations regarding his *Ex Post Facto* claim. Nguon first argues that he exhausted his *Ex Post Facto* claim when he raised an Eighth Amendment claim with the California Supreme Court. *See* Objection ¶ 13. Nguon further argues that his *Ex Post Facto* claim is not barred by *Gilman II* because he is not a proper member of the *Gilman* class. *See id.* ¶¶ 20–21. Nguon argues that he was not "asked . . . to be part of [the *Gilman*] class action," did not agree to participate, and therefore cannot be bound by *Gilman II*.[7] *See id.* The Court conducts a *de*

---

[7] The Court notes that Nguon's *Ex Post Facto* objections are not proper objections to the R&R. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) (objections must be specific); 28 U.S.C. § 636(b)(1)(C) (same); *see also United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000) ("a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation"). Nevertheless, due to Nguon's *pro se* status, the Court considers Nguon's objections and conducts a *de novo* review. *See Akhtar v. Mesa*, 698 F.3d 1202, 1208–09 (9th Cir. 2012).

*novo* review of each of Nguon's objections regarding the *Ex Post Facto* claim in turn.

First, the Court finds that Nguon's *Ex Post Facto* claim fails because it has not been exhausted. To satisfy exhaustion requirements, "[p]etitioners must fairly present their federal claims to the highest state court." *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008) (noting that presentation of an issue to a lower court but not the highest court does not exhaust the claim). Here, Nguon bases his *Ex Post Facto* claim on the argument that his incarceration was prolonged after his conviction because Marsy's Law implemented longer time periods between parole hearings. The Court has reviewed Nguon's petition before the California Supreme Court and that petition does not include anything related to his *Ex Post Facto* claim: there is no mention of the *Ex Post Facto* Clause, Marsy's Law, nor the length of time between parole hearings. *See* Dkt. 13-3. In fact, the only grounds for relief alleged before the California Supreme Court were that the parole Board violated Nguon's constitutional rights by relying on improper evidence during the parole hearing and by ultimately denying him parole. *See id.*

Nguon does not argue that he brought his *Ex Post Facto* claim before the California Supreme Court but, rather, argues that the Eighth Amendment claim he did bring before the California Supreme Court covers his *Ex Post Facto* claim. *See* Objection ¶ 13. The Court disagrees because Nguon's Eighth Amendment claim was based solely on his allegation that the Board improperly relied on "misinformation" when denying him parole, amounting to cruel and unusual punishment. *See* Dkt. 13-3 at 4, 6; *see also Wooten*, 540 F.3d at 1025. Nguon's Eighth Amendment claim before the California Supreme Court, therefore, is unrelated to his current *Ex Post Facto* claim. Accordingly, because Nguon did not fairly present his *Ex Post Facto* claim before the highest state court, he did not exhaust the claim.

Second, the Court finds that Nguon is a member of the *Gilman* class and bound by the judgment in that case; thus, he cannot bring an independent *Ex Post Facto* claim in this Court. *See Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984) ("a judgment

in a properly entertained class action is binding on class members in any subsequent litigation."); *see also Rios v. Warden*, 854 F. App'x 129, 129 (9th Cir. 2021) (finding that the district court properly dismissed the petitioner's claim that Marsy's Law violates the *Ex Post Facto* Clause because it is foreclosed by *Gilman II*). In *Gilman v. Brown*, the district court certified a class of all California state prisoners under Rule 23(b)(2) regarding the claim that Marsy's Law violated the *Ex Post Facto* rights of the class members. 110 F. Supp. 3d 989, 990 (E.D. Cal. 2014), *rev'd and remanded on other grounds*, *Gilman II*, 814 F.3d 1007 (9th Cir. 2016). On appeal, the Ninth Circuit held that Marsy's Law did not violate the *Ex Post Facto* rights of the class members because "a decrease in the frequency of parole hearings—without more—is not sufficient to prove a significant risk of lengthened incarceration." *Gilman II*, 814 F.3d at 1016. Nguon does not argue in his Objection that he does not fit the class definition in *Gilman* but argues that he should not be considered a class member because he did not have notice of the class or agree to be a class member. *See* Objection ¶¶ 20–22.

      Nguon's argument fails because he was not entitled to notice or an opportunity to opt out of the *Gilman* class. The *Gilman* class was certified under Federal Rule of Civil Procedure Rule 23(b)(2), which does not require that potential class members be given notice or an opportunity to opt out. *See, e.g., Equal Emp. Opportunity Comm'n v. Gen. Tel. Co. of Nw.*, 599 F.2d 322, 334 (9th Cir. 1979) (cleaned up) (noting that under Rule 23(b)(2), "absent class members are not required to receive notice or to have the opportunity to opt-out of the suit."); *see also Gilman v. Brown*, 2013 WL 1904424, at *1 n.1 (E.D. Cal. May 7, 2013) (noting the court's discretion to grant opt-out requests filed on the docket). Thus, all prisoners who fit the class definition in *Gilman* became class members unless they filed requests to opt out that the district court granted in its discretion. *See* Fed. R. Civ. P. 23(b)(2); *Paul Madden, et al., v. Fisher*, et al., No. 05-cv-00830-MCE-

CKD (E.D. Cal.).[8]  As was judicially noticed by the magistrate in the R&R, Nguon did not request to opt out of the *Gilman* class.  *See id.*; *see also* R&R at 10.  Thus, having considered Nguon's new argument in this regard, the Court concludes that Nguon is a member of the *Gilman* class and cannot maintain an independent *Ex Post Facto* claim in this Court based on Marsy's Law.  Accordingly, Nguon's *Ex Post Facto* claim is barred by *Gilman II* and must be dismissed.

**C. Nguon's New Arguments Raised in the Objection are Unexhausted**

Nguon appears to raise new arguments regarding the validity of his underlying sentence and the alleged bias of the state court for the first time in his Objection.  The Court therefore considers whether those claims have been properly exhausted.  *See Akhtar*, 698 F.3d at 1208–09 (holding district court has discretion to consider new arguments); *see also Beaty*, 303 F.3d at 987 (habeas petitioners "must fairly present their federal claims to the highest state court" before bringing those claims in federal court); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (the petitioner bears the burden of showing that he has exhausted state remedies).  Nguon bears the burden to show that he has exhausted these new grounds for relief, but he points to no evidence of exhaustion.  *See generally* Objection.  In fact, Nguon appears to admit that his arguments regarding his underlying sentence were "not raised by Petitioner on appeal or Writs from a judgment of conviction."  *See id.* ¶ 24.  The Court has also reviewed Nguon's underlying state court petitions and confirms that Nguon did not present these issues to the state superior, appellate, nor supreme court.  Accordingly, Nguon's new claims regarding the validity of his underlying sentence and the alleged bias of the state court judge are unexhausted and cannot be considered by this Court.

///

---

[8] The Court takes judicial notice of the docket in *Gilman*.  *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted).

## IV.  CONCLUSION

For the reasons discussed above, the Court ADOPTS the R&R in its entirety [Dkt. 18].  The Court GRANTS Respondent's motion to dismiss Nguon's petition [Dkt. 12] and DISMISSES the petition.

**IT IS SO ORDERED.**

Dated: March 20, 2023

_____
Hon. Jinsook Ohta
United States District Judge